# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

### FEBRUARY 1999 SESSION



FILED

March 19, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | NO. 02C01-9806-CC-00172 |
| Appellee, | ) | |
| | ) | TIPTON COUNTY |
| VS. | ) | |
| | ) | HON. JOSEPH H. WALKER, |
| WALTER LEE GAINES, JR., | ) | JUDGE |
| | ) | |
| Appellant. | ) | (Sentencing) |

**FOR THE APPELLANT:**

**J. THOMAS CALDWELL**
114 Jefferson Street
Ripley, TN  38063

**FOR THE APPELLEE:**

**JOHN KNOX WALKUP**
Attorney General and Reporter

**GEORGIA BLYTHE FELNER**
Assistant Attorney General
Cordell Hull Building, 2nd Floor
425 Fifth Avenue North
Nashville, TN  37243-0493

**ELIZABETH T. RICE**
District Attorney General

**JAMES W. FREELAND, JR.**
Assistant District Attorney General
302 E. Market Street
Somerville, TN  38068

**OPINION FILED:** _____

**AFFIRMED AS MODIFIED**

**JOE G. RILEY,**
**JUDGE**

**OPINION**

A Tipton County jury convicted defendant, Walter Lee Gaines, Jr., of reckless homicide, possession of a prohibited weapon, and filing a false report. The trial court sentenced him as a Range I standard offender to serve 3½ years for reckless homicide, a Class D felony; 1½ years for possession of a prohibited weapon, a Class E felony; and 11 months and 29 days at 75% for filing a false report, a Class A misdemeanor. The court ordered the weapon and false report sentences to run concurrently, but consecutively to the reckless homicide sentence, for an effective sentence of five years. The sole issue in this appeal as of right is the propriety of these sentences. Upon our *de novo* review, we AFFIRM the length of sentences imposed and the denial of probation; but MODIFY the sentences so as to run them concurrently rather than consecutively.

**FACTS**

On February 20, 1997, defendant and his friend, the victim, were playing with a sawed-off shotgun at the home of defendant's fiancée. At some point, defendant pulled the trigger and the gun went off, killing the victim.

Defendant denied shooting the victim and claimed that Willie Holland murdered his friend. He adhered to this story for several hours and gave the Covington Police two statements to that effect. Holland was then interrogated, and the police confirmed Holland was not present at the time of the killing. After Investigator Ricky Chandler's suggestion that defendant submit to a gunshot residue test in order to eliminate him as a suspect, defendant gave a third statement admitting his culpability in the victim's death.

The state charged defendant with second degree murder, possession of a prohibited weapon, and filing a false report. Defendant admitted in his testimony the possession of the weapon and filing a false report. The jury found him guilty of those offenses, as well as the lesser offense of reckless homicide.

At sentencing, defendant submitted five factors in mitigation which were considered by the trial court: (1) defendant is gainfully employed and has been

2

during his adult life; (2) defendant is the sole provider for his wife and three small children; (3) defendant has no significant record of criminal conduct; (4) defendant expressed genuine remorse for his actions; and (5) defendant committed the offense under such unusual circumstances that it is unlikely that a sustained intent to violate the law motivated his conduct. *See* Tenn. Code Ann. § 40-35-113(11), (13).

The trial court found one enhancement factor applicable to all charges: defendant was on probation at the time of the offense. Tenn. Code Ann. § 40-35-114(13). In relation to the reckless homicide charge, the court found two additional enhancement factors: the defendant employed a deadly weapon during the commission of the offense; and the offense was committed under circumstances where the potential for bodily injury to a victim was great. Tenn. Code Ann. § 40-35-114(9),(16). In relation to the misdemeanor false report charge, the trial court considered that defendant's false implication of Willie Holland as the killer could have carried dire repercussions.

The trial judge found the enhancement factors clearly outweighed the mitigating factors and chose to enhance the sentence for each conviction. The court sentenced defendant as a Range I standard offender to 3½ years for reckless homicide and 1½ years for possession of a prohibited weapon. For filing a false report, defendant received 11 months and 29 days at 75%. Although the weapon offense and false report offense were run concurrently, they ran consecutively to the reckless homicide for an effective sentence of five years.

**SENTENCING**

Defendant challenges the sentences imposed in this case. He asserts the trial court erred in its application of the enhancement and mitigating factors; its application of consecutive sentencing; and its denial of probation.

This Court's review of the sentence imposed by the trial court is *de novo* with a presumption of correctness. Tenn. Code Ann. § 40-35-401(d). This presumption is conditioned upon an affirmative showing in the record that the trial judge

3

considered the sentencing principles and all relevant facts and circumstances. State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). If the trial court fails to comply with the statutory directives, there is no presumption of correctness and our review is *de novo*. State v. Poole, 945 S.W.2d 93, 96 (Tenn. 1997).

Defendant argues that the trial court failed to apply all appropriate mitigating factors. However, the trial court specifically recognized the applicability of the mitigating factors submitted by defendant.

We note that the trial court improperly applied the enhancement factor for a felony committed while on probation. *See* Tenn. Code Ann. § 40-35-114(13). At the time of these offenses, defendant was on misdemeanor probation. In order for that statutory enhancement factor to apply, release status must be from a prior felony conviction. *Id.* We further note that the court improperly applied to the reckless homicide conviction the enhancement factor for a crime committed when there is great potential for bodily injury. *See* Tenn. Code Ann. § 40-35-114(16); State v. Bingham, 910 S.W.2d 448, 452 (Tenn. Crim. App. 1995)(holding this enhancement factor may not be applied to vehicular homicide by recklessness).

## A. Length of Sentence

Due to the misapplication of enhancement factors, we review the sentences *de novo* without a presumption of correctness. The record actually supports the application of *two* enhancement factors to the reckless homicide conviction: defendant's previous conviction for vandalism and the employment of a sawed-off shotgun in the commission of the offense. *See* Tenn. Code Ann. § 40-35-114(1),(9). The record also supports the application of three enhancement factors to the conviction for possession of a prohibited weapon: defendant's vandalism conviction; a lack of hesitation about possessing a sawed-off shotgun where the risk to human life was high; and circumstances surrounding the possession of the gun that day obviously carried a great potential for bodily injury to a victim. *See* Tenn. Code Ann. § 40-35-114(1),(10),(16).

Although this Court assigns little weight to the first enhancement factor, we

4

find that its combination with the other factors causes the enhancement factors to outweigh the mitigating factors in each instance. Thus, we conclude under our *de novo* review that 3½ years is an appropriate sentence for the reckless homicide; and 1½ years is appropriate for possession of the sawed-off shotgun.

With regard to the sentence for filing a false report, we note the Tennessee Supreme Court's decision in State v. Troutman, 979 S.W.2d 271 (Tenn. 1998)(emphasizing the flexibility and discretion vested in the trial court for purposes of misdemeanor sentencing). The record amply supports the trial judge's findings in support of enhancement. The misdemeanor was committed while defendant was on probation for another misdemeanor, and the report carried potentially dire repercussions in that defendant falsely accused an innocent man of murder. The trial court did not abuse its discretion in finding 11 months and 29 days at 75% to be an appropriate sentence under these circumstances.

## B. Consecutive Sentencing

The trial court cited Tenn. Code Ann. § 40-35-115(6) as the basis for applying consecutive sentencing to defendant's convictions. A court may order sentences to run consecutively if the court finds by a preponderance of the evidence that "the defendant is sentenced for an offense committed while on probation." Tenn. Code Ann. § 40-35-115(b)(6). However, the court must also determine whether the consecutive sentences: (1) are reasonably related to the severity of the offenses committed; (2) serve to protect the public from further criminal conduct by the offender; and (3) are congruent with general principles of sentencing. State v. Wilkerson, 905 S.W.2d 933, 939 (Tenn. 1995).

In this instance, the trial court recognized a proper statutory basis for the implementation of consecutive sentencing in Tenn. Code Ann. § 40-35-115(b)(6). However, the court failed to recite any of the factors required by Wilkerson, and our *de novo* review fails to reveal the presence of the second Wilkerson factor. Therefore, consecutive sentencing is improper.

5

## C. Denial of Probation

Under the 1989 Sentencing Act, sentences which involve confinement are to be based on the following considerations contained in Tenn. Code Ann. § 40-35-103(1):

> (A) [c]onfinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;
>
> (B) [c]onfinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or
>
> (C) [m]easures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant.

See State v. Grigsby, 957 S.W.2d 541, 545 (Tenn. Crim. App. 1997); State v. Millsaps, 920 S.W.2d 267, 270 (Tenn. Crim. App. 1995).

The trial court made specific findings at sentencing that confinement is necessary to avoid depreciating the seriousness of the offenses, and measures less restrictive had recently been applied unsuccessfully to the defendant. We conclude the trial court did not err in denying probation.

## CONCLUSION

Based upon the foregoing, we AFFIRM the length of sentences imposed by the trial court and its denial of probation. However, we MODIFY the sentences such that they all run concurrently rather than consecutively. The case is remanded to the trial court for entry of modified judgments.

_____
**JOE G. RILEY, JUDGE**

**CONCUR:**


_____
**JOHN H. PEAY, JUDGE**


_____
**JAMES C. BEASLEY, SR., SPECIAL JUDGE**